IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAMANTHA PITTS,<br><br>                        Plaintiff,<br><br>        vs.<br><br>FIFTH THIRD BANK, NATIONAL ASSOCIATION, PRIMERITUS FINANCIAL SERVICES, INC., AND JHG MID-AMERICAN SERVICES, INC. DBA AMERICAN COLLATERAL RECOVERY OF KANSAS CITY,<br><br>                        Defendants. | Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

## NATURE OF ACTION

1.      Plaintiff Samantha Pitts ("Ms. Pitts") brings this action against Defendants Fifth Third Bank, National Association ("FTB"), Primeritus Financial Services, Inc. ("Primeritus"), and JHG Mid-American Services, Inc. DBA American Collateral Recovery Of Kansas City ("JHG") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., Article 9 of the Kansas Uniform Commercial Code, KAN. STAT. § 84-9-101 *et seq.*, and Kansas common law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Ms. Pitts's action occurred in this district, where Ms. Pitts resides in this district, and where Defendants transact business in this district.

## PARTIES

4.      Ms. Pitts is a natural person who at all relevant times resided in Topeka, Kansas.

5.      Ms. Pitts is allegedly obligated to pay a debt.

6.      Ms. Pitts is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      FTB is a National Association that regularly takes assignment of consumer automobile loans.

8.      Primeritus is a Delaware Corporation.

9.      Primeritus is a "forwarding company" which arranges for the repossession and remarketing of collateral.

10.     At all relevant times, Primeritus was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

11.     Primeritus is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12.     JHG is a Missouri corporation operating in Missouri and Kansas.

13.     At all relevant times, JHG was acting as a repossession agent working at the behest of FTB.

14.     At all relevant times, JHG was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15.     JHG is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16.     On or about September 29, 2017, Ms. Pitts purchased a 2015 Volkswagen Jetta (the "Vehicle") from non-party Eddy's Chevrolet Cadillac, LLC.

17.     Ms. Pitts purchased the Vehicle for her own personal family and household use.

18.     The Vehicle constitutes "consumer goods" as defined KAN. STAT. § 84-9-102(a)(23).

19.     Ms. Pitts purchased the Vehicle on credit.

20.     In connection with the purchase and financing of the Vehicle, Ms. Pitts executed a retail installment sales contract ("RISC") with Eddy's Chevrolet Cadillac, LLC.

21.     As part of the transaction, Ms. Pitts gave Eddy's Chevrolet Cadillac, LLC and its assignees a security interest in the Vehicle.

22.     The Vehicle constitutes "collateral" as defined by KAN. STAT. § 84-9-102(a)(12).

23.     After the RISC was executed, Eddy's Chevrolet Cadillac, LLC assigned it to FTB.

24.     FTB is a "secured party" as defined by KAN. STAT. § 84-9-102(A)(73).

25.     On or before October 10, 2021, FTB engaged its repossession agent, JHG, to repossess the Vehicle.

26.     On or about October 10, 2021, JHG went to Ms. Pitts's home to repossess the Vehicle.

27.     Ms. Pitts noticed JHG's arrival, immediately ran outside, protested the repossession, and demanded that JHG leave the scene immediately.

28.     JHG refused and continued the repossession over Ms. Pitts's protest.

29.     During the repossession, JHG damaged Ms. Pitts's non-collateral property.

30.     During the repossession, JHG damaged the Vehicle by crashing it into Ms. Pitts's picnic table.

31.     Thereafter, Ms. Pitts paid FTB all arrears necessary to reclaim her Vehicle.

32.     She sought to pick up the Vehicle from JHG, but JHG refused to release the Vehicle until she signed paperwork limiting her ability to file claims based upon the repossession of her Vehicle.

33.     When Ms. Pitts took pictures of this paperwork, JHG's staff panicked and immediately attempted to prevent her from doing so.

34.     Ms. Pitts refused to sign the documents requested and JHG has refused to return the Vehicle to Ms. Pitts.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**JHG**

35.     Ms. Pitts repeats and re-alleges each factual allegation contained above.

36.     Kansas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  KAN. STAT. § 84-9-609(b)(2).

37.     However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id*.

38.     Ms. Pitts confronted JHG's employee and loudly protested JHG's repossession.

39.     Once Ms. Pitts protested the repossession, JHG lost the right to continue with the repossession.

40.     Nonetheless, JHG continued with its repossession and thereby breached the peace.

41.     Additionally, JHG breached the peace by damaging the Vehicle and Ms. Pitts's non-collateral property during the repossession.

42.     A repossession agent's breach of the peace negates a right to possession.

43.     By continuing with its repossession after it lost the right to do so, JHG violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Ms. Pitts's property

when to present right to possession of the property existed or where the property was exempt by law from such dispossession.

44.     By failing to return the Vehicle to Ms. Pitts after she paid the arrears on her note, JHG violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Ms. Pitts's property when to present right to possession of the property existed or where the property was exempt by law from such dispossession.

WHEREFORE, Ms. Pitts prays for relief and judgment, as follows:

a)  Adjudging that JHG violated 15 U.S.C. § 1692f(6)(A);

b)  Awarding Ms. Pitts statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per debt collector;

c)  Awarding Ms. Pitts actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Ms. Pitts reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Ms. Pitts pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### PRIMERITUS

45.     Ms. Pitts repeats and re-alleges each factual allegation contained above.

46.     Kansas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  KAN. STAT. § 84-9-609(b)(2).

47.     However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

48.     Ms. Pitts confronted JHG's employee and loudly protested JHG's repossession.

49.     Once Ms. Pitts protested the repossession, JHG lost the right to continue with the repossession.

50.     Nonetheless, JHG continued with its repossession and thereby breached the peace.

51.     Additionally, JHG breached the peace by damaging the Vehicle and Ms. Pitts's non-collateral property during the repossession.

52.     A repossession agent's breach of the peace negates a right to possession.

53.     By continuing with its repossession after it lost the right to do so, JHG violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Ms. Pitts's property when to present right to possession of the property existed or where the property was exempt by law from such dispossession.

54.     By failing to return the Vehicle to Ms. Pitts after she paid the arrears on her note, JHG violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Ms. Pitts's property when to present right to possession of the property existed or where the property was exempt by law from such dispossession.

55.     As the debt collector that hired JHG, Primeritus is liable for JHG's FDCPA violations.

WHEREFORE, Ms. Pitts prays for relief and judgment, as follows:

a)  Adjudging that JHG violated 15 U.S.C. § 1692f(6)(A);

b)  Adjudging that Primeritus as the debt collector that hired JHG is liable for JHG's FDCPA violations;

c)  Awarding Ms. Pitts statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per debt collector;

d)  Awarding Ms. Pitts actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e)  Awarding Ms. Pitts reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f)  Awarding Ms. Pitts pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF KAN. STAT. § 84-9-609(b)(2)
## FTB

56.     Ms. Pitts repeats and re-alleges each factual allegation contained above.

57.     Kansas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." KAN. STAT. § 84-9-609(b)(2).

58.     However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

59.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

60.     Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *See* Official Comment 3 to KAN. STAT. § 84-9-609.

61.     FTB's repossession agent, JHG, breached the peace by continuing its repossession in the face of Ms. Pitts's confrontation and protest and by damaging the Vehicle and Ms. Pitts's non-collateral property during the repossession.

62.     FTB violated KAN. STAT. § 84-9-609(b)(2) when its repossession agents, JHG, breached the peace to repossess Ms. Pitts's Vehicle.

WHEREFORE, Ms. Pitts prays for relief and judgment, as follows:

   a)  Adjudging that FTB violated KAN. STAT. § 84-9-609(b)(2);

   b)  Awarding Ms. Pitts statutory damages, pursuant to KAN. STAT. § 84-9- 625(c)(2);

   c)  Awarding Ms. Pitts actual damages, pursuant to KAN. STAT. § 84-9-625(c)(1);

   d)  Awarding Ms. Pitts pre-judgment and post-judgment interest as permissible by law; and

   e)  Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## COMMON LAW CONVERSION
## FTB AND JHG

63.     Ms. Pitts repeats and re-allege each factual allegation contained above.

64.     Because FTB's repossession agents, JHG, breached the peace, Defendants had no legal right to take possession of Ms. Pitts's Vehicle or its contents.

65.     Nonetheless, Defendants took possession of the Vehicle without legal authority to do so.

66.     Moreover, JHG refused to return the Vehicle to Ms. Pitts after she paid all necessary arrears for her to reclaim her Vehicle.

67.     Defendants' taking of the Vehicle constitutes conversion under Kansas law.

68.     In converting Ms. Pitts's property, Defendants acted with malice and/or gross negligence.

WHEREFORE, Ms. Pitts prays for relief and judgment, as follows:

   a)  Adjudging that Defendants converted Ms. Pitts's Vehicle and its contents;

   b)  Awarding Ms. Pitts her actual damages in an amount to be proved at trial;

c)  Awarding Ms. Pitts exemplary/punitive damages in an amount to be proved at

trial;

d)  Awarding Ms. Pitts pre-judgment and post-judgment interest as permissible by

law; and

e)  Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

69.     Ms. Pitts is entitled to and hereby demands a trial by jury. Ms. Pitts. requests that

trial be held in Kansas City, Kansas.

> Respectfully submitted,
> /s/ Anthony LaCroix
> Anthony LaCroix
> KS Bar No. 24279
> 1600 Genessee, Ste. 956
> Kansas City MO 64102
> Telephone:  (816) 399-4380
> Fax:  (816) 399-4380
> Email:  tony@lacroixlawkc.com
> *Lead Counsel for Plaintiff*
>
> *Co-counsel with Thompson Consumer Law Group*
>
> **Correspondence Address:**
>
> Thompson Consumer Law Group, PC
> 11445 E Via Linda, Ste 2 #492
> Scottsdale, AZ 85259